UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:17-CR-273 |
| v. | : | (JUDGE          ) |
| SEAN D. CORNICK, Defendant | : | (ELECTRONICALLY FILED) |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Western District of Pennsylvania and the above-captioned defendant. On January 25, 2017, formal notice was given by Scott Schools, Associate Deputy Attorney General (ADAG), United States Department of Justice, of the recusal of the United States Attorney's Office for the Middle District of Pennsylvania from involvement in this matter, and the assignment of this matter to the United States Attorney's Office for the Western District of Pennsylvania to conduct any and all legal proceedings in this matter. Accordingly, any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Western District of Pennsylvania.

The Plea Agreement represents the full and complete agreement between Sean D. Cornick and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority. Upon entering a plea of guilty, Sean D. Cornick will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

1. <u>Waiver of Indictment/Plea of Guilty</u>. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information, which will be filed against the defendant by the United States Attorney for the Western District of Pennsylvania. That Information will charge the defendant with one violation of Title 18, United States Code, Section 641, and one violation of Title 18, United States Code, Section 666(a)(1)(A). The maximum combined penalty for those offenses is imprisonment for a period of 11 years, a fine of $350,000, the costs of prosecution, denial of certain federal benefits, and a maximum term of supervised release of 3 years, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, and an assessment in the amount of $125.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in the Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this Agreement are subsequently vacated, set aside, or invalidated by the district Court or an appellate Court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2. <u>Term of Supervised Release</u>. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised

release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>Maximum Sentence – Multiple Counts</u>. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, 11 years in prison and/or fines totaling $350,000, 3 years of supervised release, the costs of prosecution, denial of certain federal benefits and an assessment totaling $125.00.

4. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Western District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

5. <u>Fine</u>. The defendant understands the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

6. <u>Alternative Fine</u>. The defendant understands that under the alternative fine provision of Title 18, United States Code, Section 3571, the maximum fine quoted herein may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7.   <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8.   <u>Special Assessment</u>.  The defendant understands the Court will impose a total special assessment of $125.00 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9.   <u>Determination of Sentencing Guidelines.</u>   The defendant, and counsel for both parties, agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

10. <u>Acceptance of Responsibility – Two Levels</u>. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a two-level reduction shall not be a basis to void this Plea Agreement.

11. <u>Sentencing Guidelines Stipulations</u>. With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties stipulate and agree as follows:

a. The parties stipulate that the total amount of restitution for which the defendant, Sean D. Cornick, is responsible, is $22,346.93. This stipulation represents the parties' best understanding based on the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

b. The parties agree that pursuant to § 2B1.1(a)(2) of the Sentencing Guidelines, the base offense level is 6. The parties further agree that the base offense level of 6 should be increased by 4 levels under § 2B1.1(b)(1)(C) of Chapter 2 of the Guidelines, in that the loss exceeded $15,000. The parties further agree that the base offense level should not be increased by 2 levels under § 2B1.1(b)(15), in that the

defendant's possession of a weapon was not in connection with either of the offenses set forth in the Information.

 c. The parties further agree that the adjusted base offense level should be increased by 2 levels under § 3B1.3, in that the defendant abused a position of trust.

 d. The parties further agree that the adjusted base offense level should not be increased by 2 levels under § 3C1.1 of the Sentencing Guidelines, in that the defendant did not obstruct or impede the administration of justice.

 e. The parties also agree that the adjusted base offense level should be decreased by 2 levels under § 3E1.1, in that the defendant has accepted responsibility for his conduct.

 f. Thus, the parties agree that Sean D. Cornick's Total Offense Level under the Sentencing Guidelines is 10.

 g. The parties agree that Sean D. Cornick has 0 criminal history points, which places him into Criminal History Category I.

 h. The parties agree that, with a Total Offense Level of 10, and a Criminal History Category of I, the defendant has a sentencing range of 6-12 months under the Sentencing Guidelines. The parties further agree that no upward departure from the defendant's guideline range is warranted under the provisions of § 5K2.7.

12. The defendant understands that none of the stipulations set forth in paragraphs 11(a) through 11(h) herein is binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the

Court and the United States Probation Office all information in its possession, which it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

13. <u>Sentence Recommendation</u>. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court and the United States Probation Office of the full nature and extent of the involvement of Sean D. Cornick in the offenses charged in the Information and of any other matters relevant to the imposition of a fair and just sentence. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

14. <u>Amount of Loss/Restitution</u>. The defendant agrees that $22,346.93 is the amount of the loss resulting from the defendant's actions. The defendant agrees to make full restitution of $300 to the Federal Bureau of Investigation, and $22,046.93 to the Harrisburg Police Department, in accordance with a schedule to be determined by the Court.

15. <u>Objections to Pre-Sentence Report</u>. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and

policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, or a pre-sentence hearing or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply as set forth in Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings will not be grounds for withdrawal of a plea of guilty.

16. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

17. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the Court for briefing, argument or presentation of evidence

regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

18. <u>Court Not Bound by Terms</u>. The defendant understands that the Court is not a party to and is not bound by this Agreement or any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment of 11 years, a fine of $ 350,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, and assessments totaling $ 125.

19. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this Agreement.

20. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

21. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;

(c) Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d) The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

22. <u>Status of Professional License</u>. It is further understood and agreed that the status of any professional license held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion, provide to any such licensing authority any documents and information in its possession.

23. <u>Resignation of Position</u>. The defendant agrees to resign the defendant's position with the Harrisburg Police Department within ten days of the entry of the plea pursuant to this Agreement. The defendant also agrees to neither seek nor accept any public or elective office or

position of public trust for any period of supervised release or probation, and agrees that the latter requirement shall be a condition of any term of probation or supervised release.

24. <u>Appeal Waiver</u>. The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging this, Sean D. Cornick waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   a. If the United States appeals from the sentence, Sean D. Cornick may take a direct appeal from the sentence.

   b. If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Sean D. Cornick may take a direct appeal from the sentence.

25. Nothing in the foregoing waiver of appellate rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

26. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this Agreement shall bind any state or county prosecutor's office, or any federal, state or local law enforcement agency.

27. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

28. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

29. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

30. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office for the Western District of Pennsylvania on or before 5:00 p.m., _____, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

31. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Western District of Pennsylvania until signed by the defendant and defense counsel, and then signed by the United States Attorney for the Western District of Pennsylvania, or her designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____       _____
Date                                                    SEAN D. CORNICK
                                                              Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____       _____
Date                                                    JOHN A. ABOM, Esquire
                                                              Counsel for Defendant

                                                              _____
                                                              SOO C. SONG
                                                              Acting United States Attorney
                                                              Western District of Pennsylvania

                                                By:   _____
_____              JOHN J. VALKOVCI, JR.
Date                                                    Assistant U.S. Attorney
                                                              Western District of Pennsylvania

14